(August 17, 1992)

■ JOSEPH CAMPANIELLO, Respondent, v ALARMING INNOVATIONS, Appellant, et al., Defendants.—In a negligence action to recover damages, inter alia, for personal injuries and loss of property, the defendant Alarming Innovations appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered August 24, 1990, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against Alarming Innovations, and the action against the remaining defendants is severed.

The appellant, Alarming Innovations, installed two smoke detectors in the plaintiff's house in Setauket in November 1986. Following a fire at his residence on January 5, 1987, the plaintiff commenced this action against the appellant and against the company which monitored the fire alarm system, alleging that the system was negligently installed and monitored. The complaint against the monitoring company was dismissed and is not the subject of this appeal. We find that the court erred in denying the appellant's motion for summary judgment.

The plaintiff claimed in his bill of particulars that the fire began in a dropped ceiling in his basement approximately one hour before the smoke alarm sounded. He alleged that the appellant was negligent in that no heat and smoke detectors were installed in the dropped ceiling and because the smoke detector in the basement failed to timely notify him of the fire.

The appellant moved to dismiss the complaint based on an affidavit by its president in which he stated that the company installed two smoke detectors in the plaintiff's residence, one

on each level of the house. Since, pursuant to the contract between the parties, only two smoke detectors were to be installed, it was appropriate to place one at the basement stairway, rather than inside the dropped ceiling. In addition, the appellant submitted an affidavit from a purported expert in fire alarm systems who stated that under the National Fire Protection Association guidelines, a smoke detector which is installed in a basement should be located in close proximity to the stairway and on or near the ceiling. He asserted that installing the smoke detector inside the dropped ceiling would have been contrary to those guidelines and industry custom, and that detection of a fire would be impeded by the ceiling.

In response to the motion, the plaintiff failed to submit any evidentiary proof to support his allegation that the fire began in a dropped ceiling one hour before it was detected. According to the bill of particulars, the plaintiff was home at the time of the fire and first became aware of the fire at 9:33 P.M. He alleged that the smoke alarm did not sound until 9:38 P.M.; however, he also stated that the police were notified of the fire at 9:30 P.M. The inconsistency between these statements was not explained. Nor did the plaintiff offer any evidence to refute the appellant's claim that placing a smoke alarm inside the dropped ceiling would have violated industry guidelines. The plaintiff relied solely on his own affidavit in which he stated that he had expressed his concern about the dropped ceiling to a principal of the appellant and had relied on his assurance that the system would provide for detection of any fire in the dropped ceiling area. Under the circumstances, the plaintiff's conclusory assertions were insufficient to defeat the appellant's motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562; Pizzi v Bradlee's Div., 172 AD2d 504, 505). Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.